The opinion of the Court, was delivered at this term, by
Hornblower, C. J.
This was an action of assumpsit.— Declaration upon a promissory note, in the usual form. The plea without making defence, says, “ the Court ought not to have or take further cognizance of the action; ” and then after setting out, that the promises, if any, were made in the State of New York where the parties then, and at the time of commencing this action, resided; and that by the laws of that State, the defendant was exempted from arrest and imprisonment in any action upon those promises; concludes with a verification and prays “Judgment whether the Court can or will take further cognizance of the action.” Upon a general demurrer to this plea, and joinder thereto, the Court below, rendered final judgment in chief for the plaintiffs.
That the plea is ill, both in matter and form, is not denied, but the Plaintiff in Error insists that the Judgment below should have been respondeat ouster; and that upon this Writ of Error, the Court can only reverse the judgment. On the other side it is insisted that, the judgment below is right; and if not, that then this Court must reverse that judgment and give such judgment as the Court below ought to have rendered.
The plea is clearly both in matter and form, a plea in abatement, not to the jurisdiction of the Court; but to the form of the process: the objection is not, that the plaintiff has sued the defendant in this State, but that the suit was commenced by Capias ; whereas the defendant says, that by the laws of the State of New York where the promises were made, he is exempt from arrest or imprisonment in any action upon those promises. It is not ne *405 cessary to spend any time to shew the futility of such an objection. This is a question of Lex fori, and not offer loci contractus — and the former must prevail. (Bank of U. S. v. Donally, 8 Peters R. 361—372.) But even if the matter of this plea was in bar of the action, the plea itself is in form and must be treated as a plea in abatement. The technical character of a plea, depends regularly upon the form of its commencement and conclusion ; or which is the same thing, upon the nature of the judgment it prays, in its commencement and conclusion; so that if these are alike, (both in abatement or both in bar) they are decisive of the character of the plea, whatever may be its matter. (Gould’s Plead. 293. Ch. V. s. 145, and cases there cited.) If therefore, matter of mere abatement, is pleaded in bar, or if matter which goes only in bar, is pleaded in abatement, in either ease, the plea is ill, though in the former case, judgment in chief, must be given for the plaintiff, since the matter of the plea is to the action, though the plea itself is bad, being a plea in abatement, instead of a plea in bar. But on the other hand, if the matter of the plea is only in abatement, but the form of it, in bar, the judgment must be, respondeat ouster. (Gould’s Plead. Ch. V. sects. 141, 144, 147, &c.) If therefore, the matter of this plea had been in bar, the judgment in this case would have been right; but as the plea, was not only in form throughout, but also in substance, a plea in abatement, the judgment was erroneous and must be reversed.
The only remaining question then is, whether if upon a demurrer to a plea in abatement, the Court below has given an erroneous judgment against a defendant, upon a Writ of Error brought by him, this Court after reversing that judgment, can render a new judgment against the defendant ? And in reaching a satisfactory solution of this question, I confess, I have had to encounter more difficulty, than I apprehended at the time of the argument.
The proposition insisted upon by the plaintiff’s counsel, that upon a Writ of Error by the defendant below, the Court must either reverse or affirm, is true only as a general proposition, but is not universally true. Where judgment has been given against the defendant, upon a demurrer going to the merits of the action, the only judgment to be given in Error, is quod, Judicium reversitur, and such a judgment does not take away the plaintiff’s cause of *406 action, but he may commence a new action for the same cause. [Law of Errors, 13.)
So if in Error by the defendant, the judgment is reversed for any matter that would have been fatal to the action, on general demurrer, or in arrest of judgment, the judgment of reversal is final, because it settles the rights of the parties in that action, though it does not preclude the plaintiff from bringing a new action for the same cause.
But to the general proposition above stated, there are many exceptions, as I shall hereafter shew. In the mean time, it is not a little curious to see how unsettled the law was for a long time, as to what judgment the Court ought to render upon writs of Error brought by the plaintiff below.
In the Law of Errors, (an old book printed in London in 1703) page 2S0 et'seq. it is repeatedly said, that the Court of King’s bench ought to give the same judgment, as the Court below ought to have done, as, if a plea in abatement be adjudged good, and the plaintiff bring Error, he shall on reversal, be restored to his original, and not forced to sue out a new one: and for this is cited 9 Hen. 6, 38 b. The meaning of this is, that the Court is not only, in such case to reverse the first judgment, but to give a new judgment quod respondeat ouster, since otherwise the plaintiff could not proceed in his cause. But immediately after, it is added, that if an insufficient plea in bar, be adjudged a good plea, and this is reversed in Error, the plaintiff shall not be restored to his original, but only to his action. The reason for this difference, it is not easy to discern, and probably there never was any, since in the same book we are furnished with contrary decisions, as, in case, for words, Judgment against plaintiff, that the words were not actionable. On Error brought by plaintiff, that judgment was reversed, for that the words were actionable, and judgment was given for the plaintiff that he recover, &c. and for this is cited 14 Car. 1 B. R. Hoskins v. Cheale. It should be Cealy v. Hoskins; 1 Roll. Abr. 774:, D. 2; Cro. Car. 509. So again, on a special verdict in ejectment. Judgment was given against the plaintiff, and upon a Writ of Error, judgment was reversed, and the plaintiff had judgment that he recover his term; his declaration being good and the law being for him upon the special verdict. “ For that Court,” it is added, “ which rever *407 ses the first judgment, ought to give the same judgment which ought to have been given in the first suit.” Mulcarry et al v. Eyres et al, Cro. Car. 511. The same doctrine is fully established in Green v. Cole, 2 Saund. 256, 257, where the above cases are cited as law.
in Taylor v. Moor, 1 Leon. 33, in debt on bond, on demurrer to plea in bar, the plea was held good; whereupon the plaintiff brought Error, and the judgment was reversed ; but curia dubitavit, what judgment should be given in the case, whether the plaintiff should recover his debt and damages, or be restored to his action only ; and at last it was awarded, that he should recover his debt and damages.
Notwithstanding these cases, there are other early cases in the books, which deny the power of the Court to render any new judgment for the plaintiff in Error, although he was plaintiff below. See note to Johnston v. Sutton, 1 T. R. 528. But the law is now, and has long been settled otherwise in Westminster Hall. And without question it may now be considered the law of this Court, that in all cases where a Writ of Error had been brought by the plaintiff below, if his Errors are well assigned, he is entitled not only to a judgment of reversal, but to such new judgment, as upon the record it appears, the Court below ought to have rendered for him, or to a venire de novo, if the case is of such a nature as to require another trial. Parker v. Harris, 2 Salk. 262. The case of Trevor v. Wall, 153 — only asserts, that there is no instance of a Court of Error awarding a venire de novo, to an inferior Court, in the sense in which that term is cited in the English books. In Davies v. Pierce, 2 T. R. 53, 55, a question was made whether the Court could grant a venire de novo, but afterwards in the same case, 2 T. R. 125, it was granted : and in a note to that case, may be found a collection of authorities for so doing. Nor can it now be doubted, notwithstanding the general proposition in some of the early cases, that even when the defendant below is plaintiff in Error, the Court are not in all cases restricted to a general affirmance or reversal; but may, where the justice of the case requires it, award a venire de novo ; or give such new judgment in favor of the plaintiff in Error, as the record warrants, and as the Court below ought to have given. A venire de novo in such cases, is constantly awar *408 ded by the Supreme Court of the United States, of which the ease of Thornton v. Wynn, 12 Wheat. 183, is one among many instances. It was done by our Court of Appeals in the case of Phinney v. Rogers, and has I think been repeatedly done in this Court. In Shaffer v. Kintzer, 1 Binn. 546, a venire de novo, was awarded by the Supreme Court of Pennsylvania, on a Writ of Error by the delendant below. It was done in Grant v. Astle, 2 Dougl. 696, 703, and this case has since been followed in England, as appears by Richardson v. Mellish, 3 Bingh. R. 346, Strewsbury v. Kynerston, 7 Bro. Parl. Cas. Toml. ed. 396. Haswell v. Chalie, 2 Str. 1125. The same course of decisions has been had in Virginia, Green v. Baily, 5 Munf. R. 246. Ward v. Johnson, 1 Id. 45. Gardner v. Vidal, 6 Rand. R. 106. So also in Massachusetts, Commonwealth v. Howard, 13 Mass. R. 221, and in Connecticut, Davenport v. Bradley, 4 Conn. R. 311.
In Garr v. Gomez, 9 Wend. R. 673 and seq. Chancellor Walworth and Mr. Justice Nelson, in the Court of Errors of the State of New York, fully recognized the same doctrine. To this case, I am indebted for many of the authorities to which I have referred, and cheerfully subscribe to the opinions there expressed. The same thing was done in Bemus v. Beekman, 3 Wend. R. 667, 676— and see also, Flower v. Allen, 5 Cowen R. 654, 668 and cases there cited by Spencer, Senator.
None of these cases, however, are directly in point to the question now before us. Nor have I been able to find a single case, with the exception of such as I shall mention directly, that seems to support the position of the defendant in Error. The question here is, when a judgment has been given against a defendant below, on a demurrer,>and he brings Error to be relieved against that judgment, can we reverse that judgment and give another against the defendant below ?
I can easily imagine cases, where the defendant below may bring Error, and upon a reversal of the judgment, be entitled to claim as a matter of right, a new judgment in his favor, or a Venire de novo. As in the case of Gildart v. Gladstone, 12 East, 668, 671. Where, upon a special verdict, the Court below gave an erroneous judgment for the plaintiff — upon a Writ of Error by the defendant, the King’s bench reversed that judgment, and gave judgment for the defendant, that he recover his costs below. *409 So in the ease of mutual dealings, if the defendant below lias been deprived of his set off, by an erroneous decision, and brings Error, he may rightly claim a ven. de novo, that on a second trial, he may establish his rights. But the question is, whether a new judgment, can be given against him. And though I have had many doubts on this point, I feel now satisfied, that such new judgment must be given against the plaintiff in Error, if the record will warrant it. In a case between Delamore & Hesker, 11 Car. B. R. Law of Errors, Ch. 21. p. 280, judgment had been given against the plaintiff, quod nil cap. &«. and on a writ of Error by him, it was reversed for the insufficiency of the judgment in point of form, yet as the merits were against him, the Court of K. B. gave a proper judgment against him, scilicet, quod quer. nil cap. &e. which judgment the Court below ought to have given. This case shews that a new judgment, may be given against the plaintiff in Error. Again, in an anonymous case, 2 Salk. 401. It is said, “if judgment be below for the plaintiff, and Error is brought, and that judgment reversed, yet if the record will warrant it, the Court ought to give a new judgment for the plaintiff. But if the judgment be erroneous and against the plaintiff on the merits of the cause, that ought to be reversed and no new judgment given for the plaintiff. If an erroneous judgment be given for the defendant, and it is reversed, and the merits appear for the plaintiff, he shall have judgment. If the merits be against the plaintiff, the defendant shall have a new judgment, for they are to reform as well as to affirm or reverse.” And this seems to be consistent with the name and spirit of a writ of Error, which is, breve de erróte corrigend. not only to detect and set aside, but to correct and reform the error. Accordingly in Green v. Bailey, 5 Munf. R. 246, the Court of Appeals of Virginia, upon Error brought by the defendant below, after reversing the judgment, proceeded to give snch judgment, as the Court below ought to haveffone, by awarding a Re-pleader. And in Ward v. Johnson, 1 Munf. R. 45, a judgment of the Circuit Court, was reversed by the Court of Appeals, because the Circuit Court upon a writ of Error brought by the defendant, had reversed the first judgment, but had not proceeded to give such judgment in favor of the plaintiff in the Court below, as ought to have beer there given. The case of The King v. *410 Amery, 1 Anstr. 178, was, it is true one in which the writ of Error was brought by the plaintiff below, that the second question put to the Bench of Judges, by the House of Lords, was general and in terms at least applied as well to cases in which Error is brought by the defendant, as by the plaintiff.
The enquiry was, “ whether upon a writ of Error, if the judgment of the Court below was reversed, the Court of Error must give the same judgment as the Court below ought to have given?” And the answer of the Judges was in the affirmative. And I am ready to say, with Mr. Senator Spencer, in Flower v. Allen, (5 Cowen’s R. 668) and Mr. Justice Nelson, in Garr v. Gomez, (9 Wend. 677,) that it would be a reproach to the administration of justice, if the rule was otherwise. In my opinion the judgment of the Common Pleas must be reversed, and judgment be entered here, that the defendant answer over. Neither party to have costs on the writ of Error, but the costs below and all future costs to abide the event of the suit.
Ford, J. concurred, Ryerson, J. absent in consequence of sickness.

Judioium reversitur; et respondeat ouster, without costs in Error.

Cited in C. & A. R. R. Co. v. Briggs, 2 Zab. 623.